Martin F. Casey
**CASEY & BARNETT, LLC**
305 Broadway, Ste 1202
New York, New York 10007
(212) 286-0225
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GENERALI ITALIA SPA a/s/o FRESH LOGIC
LTD.                                                                                  21 Civ.

      Plaintiff,
                                                             **COMPLAINT**

  - against -

MAERSK LINE A/S d/b/a MAERSK LINE

      Defendant.
------------------------------------------------------------X

      Plaintiff, GENERALI ITALIA SPA a/s/o FRESH LOGIC LTD., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

      1.     This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333 and the provisions contained in the Maersk Line bill of lading, which mandates that jurisdiction for all claims involving transit to or from the United States shall be in this district.

### PARTIES

      2.     At all material times, Generali Italia SpA (hereinafter "Generali" or "Plaintiff") was and is a business entity with an office and place of business located at Via Fieschi 9, Genoa, 16121,

Italy, and is the subrogated underwriter of the consignment of Frozen Cakes, as more specifically described below.

3. At all material times, Fresh Logic Ltd. (hereinafter "Fresh Logic" or "Plaintiff") was and is a corporation with an office and place of business located at S. Radinovo, 4202 Plovdiv, Bulgaria, and is consignee and owner of a consignment of Frozen Cakes, as more specifically described below.

4. At all material times, defendant, MAERSK LINE A/S d/b/a MAERSK LINE (hereinafter "Defendant" or "Maersk") was and is a corporation with an office and place of business located at 180 Park Avenue, Florham Park, New Jersey 07932 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier of goods for hire.

5. Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignments, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## **RELEVANT FACTS**

6. In or about July 2020, a consignment consisting of 361 cartons Frozen Cakes, then being in good order and condition, were loaded into container MCRU2000024 and thereafter delivered into the custody and control of Maersk and/or its agents in Westbury for transportation to Plovdiv, Bulgaria via Norfolk, Virginia and Bremerhaven, Germany, all in consideration of an agreed upon freight, Maersk's agreement to maintain a supply air temperature of -23.3°C at all times, and pursuant to Maersk bill of lading number MAEIUSG246588 dated July 14, 2020.

7. Thereafter, on or about July 10, 2020 the aforementioned container was loaded aboard the M/V MAERSK OHIO and the vessel departed Norfolk, Virginia.

8. On or about July 22, 2020 the subject container was discharged in Bremerhaven, Germany.

9. The container was delivered to the consignee's designated warehouse in Plovdiv, Bulgaria on or about July 31, 2020.

10. During an inspection of the goods, it was determined that the Frozen Cakes had dethawed and re-frozen and, as such, were no longer suited for their intended purpose.

11. An examination of the temperature records evidenced that Maersk had breached its duty to maintain proper temperatures at all times during the transit. On June 29, 2020, there was a period of approximately 6 hours when the reefer unit was without power, at which time the temperature within the container reached -1.1C. On July 10, 2020, there was a period of approximately 10 hours when the reefer unit was without power, at which time the temperature withing the container reached +1.6C.

12. The damage to the cargo was not the result of any act or omission of the Plaintiff but, to the contrary, was due solely as the result of the negligence, unseaworthiness, fault, neglect, breach of contract of carriage and breach of bailment on the part of the Defendant and/or its agents.

13. As a result of the foregoing, Fresh Logic suffered a loss in the amount of $7,900.00, no part of which has been paid, despite due demand.

14. At all times relevant hereto, a contract of insurance for property damage was in effect between Fresh Logic and Generali, which provided coverage for, among other things, loss or damage to the consignment.

15. Pursuant to the aforementioned contract of insurance between Fresh Logic and Generali, monies have been expended on behalf of Fresh Logic to the detriment of Generali due to the damages sustained during transit.

16. As Beazley has sustained damages as the result of said expenditures, expenditures rightly the responsibility of defendant, Generali has an equitable right of subrogation and is subrogated to the rights of its insured with respect to any and all claims for damages against the defendant.

17. By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be $7,900.00.

## AS AND FOR A FIRST CAUSE OF ACTION - BREACH OF CONTRACT

18. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

19. Pursuant to the contract entered into between the parties, defendant owed a contractual and statutory duty to the Plaintiff, to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

20. The defendant breached its contractual and statutory duties by failing to properly care for, bail and protect the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

21. As a direct and proximate result of said breach of contract by defendant, the Plaintiff has suffered damages in the amount presently estimated to be no less than $7,900.00.

22. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with more specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $7,900.00.

## AS AND FOR A SECOND CAUSE OF ACTION - BREACH OF BAILMENT

23. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

24. Pursuant to its obligations as a bailee for hire of the Plaintiff's cargo, the defendant owed contractual and statutory duties to Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

25. The defendant breached its duties as a bailee for hire by failing to properly carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

26. As a direct and proximate result of the breach of bailment by the Defendant, the Plaintiff has suffered damages in the approximate amount of $7,900.00.

27. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $7,900.00.

## AS AND FOR A THIRD CAUSE OF ACTION - NEGLIGENCE

28. The Plaintiff repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 17, inclusive, as if herein set forth at length.

29. The Defendant owed a duty to the Plaintiff to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

30. The Defendant breached and was negligent in its duty to carry, bail, keep and care for, protect and deliver the Plaintiff's cargo in the same good order and condition as at the time said defendant first accepted custody and control of the goods.

31. As a direct and proximate result of the negligence by the Defendant, the Plaintiff has suffered damages in the approximate amount of $7,900.00.

32. By reason of the foregoing, the Plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $7,900.00.

**WHEREFORE,** Plaintiff prays:

1. That process in due form of law may issue against Defendant citing it to appear and answer all and singular the matters aforesaid;

2. That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages in the amount of at least $7,900.00, together with interest, costs and the disbursements of this action; and

3. That this Court grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
September 28, 2021
392-04

                              CASEY & BARNETT, LLC
                              Attorneys for Plaintiff

By: _/s/ Martin Casey_____
                              Martin F. Casey
                              305 Broadway, Ste 1202
                              New York, New York 10010
                              (212) 286-0225